## STATE ex rel. RAILROAD AND WAREHOUSE COMMISSION v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 6, 1913.

Nos. 18,040—(20).

**Stock scales at railway station.**
It sufficiently appears from the evidence and from the fact that the appel-

[1] Reported in 141 N. W. 1102.

lant has voluntarily installed stock scales at 54 of its stations in Minnesota, that such scales are a convenience pertaining to the transportation of stock, and that its refusal to furnish them at the station of Bertha was such a discrimination against that place that the Railroad and Warehouse Commission had authority to require them to be supplied at that station.

Defendant railway company appealed to the district court for Todd county from an order of the Railroad and Warehouse Commission ordering defendant to erect a six ton platform scale in its stock yards at its station at Bertha. The appeal was heard before Nye, J., who made findings and affirmed the order of the commission. From the order of the district court, defendant appealed. Affirmed.

*J. D. Sullivan,* for appellant.

*Lyndon A. Smith,* Attorney General, and *Alonzo J. Edgerton,* Assistant Attorney General, for respondent.

TAYLOR, C.

The Great Northern Railway Company, for the convenience of the public, has placed scales for weighing stock at its stockyards at the stations of Hewitt and Eagle Bend in Todd county, but has refused to place them at the station of Bertha, located between Hewitt and Eagle Bend and distant therefrom $4\frac{1}{2}$ and 7 miles respectively. On complaint made to the Railroad and Warehouse Commission, the commission ordered the company to place such scales at Bertha, on the ground that its refusal so to do was an unlawful discrimination against that place. The order of the commission was affirmed on appeal to the district court, and a further appeal brings the matter before this court.

Railways are forbidden to give "any unequal or unreasonable preference or advantage to any particular * * * locality." [R. L. 1905, § 2009]. The Railroad and Warehouse Commission is clothed with power to supervise railways, and to take such action at all times as may be necessary to secure "efficient transportation facilities," [R. L. 1905, § 1988] and prevent unjust discrimination.

If the stock scales in question properly form a part of the equipment reasonably necessary or convenient in transacting the business of shipping or transporting stock, the refusal to install them at

Bertha, after installing them at points competing with that place, was a discrimination against Bertha, and the order appealed from should be affirmed. On the other hand, if, as strenuously contended by the appellant, such scales do not facilitate the business of transportation and are not in any way connected therewith, the order appealed from should be reversed.

At the trial the appellant offered no evidence but rested upon the evidence presented by the respondent and the facts are undisputed. They are in substance as follows: That in the year 1910 stock was shipped in carload lots from 259 of appellant's stations in the state of Minnesota; that the number of carloads so shipped from the different stations varied from one at each of 32 stations to 414 at the station of Jasper; that appellant has installed stock scales, each of six ton capacity, at 54 of these stations; that these scales are located adjacent to the stockyards, but are not adjacent to nor connected with the railway tracks or buildings; that they are convenient for and are used by dealers and stock raisers in buying and selling, but no obligation to ship over the railway is imposed by such use; that stock raisers who would otherwise market their stock at Bertha sometimes take it to Hewitt or Eagle Bend, a longer distance, in order to have the use of the scales installed at those places; that such scales tend to draw the stock business to and concentrate it at the places where they are located; that where these scales are available shippers are accustomed to weigh their stock, for their own convenience and information, immediately before loading for shipment, but these weights are not used as a basis for freight charges, nor in any transactions between the shipper and the railway company, nor in sales made at the terminal stockyards; that, after stock is loaded, the carload is weighed at some suitable point upon track scales which are under the supervision of the state, and the freight charges and all the transactions between the shipper and the company are based exclusively upon this weight; and that these stock scales are not used in any manner in the business transacted between the railway company and its patrons.

The witnesses testifying for respondent insisted that stock scales were a convenience, if not a necessity, in dealing in stock, and that

a town having such scales possessed an advantage, as a stock market, over a town that did not, but frankly admitted that these scales had no direct part in the business of transportation, nor in the business of selling at the terminal yards.

As scales are a convenience and, probably, a necessity in dealing in stock, and tend to cause stock to be collected for shipment at the places where they are available, to the disadvantage of those places where they are not available, and are undoubtedly furnished for the purpose and with the view of securing the transportation of stock from points at which they are located, it is the opinion of a majority of the members of the court that the evidence submitted, together with the fact that the company considered such scales of sufficient importance to its business to furnish them voluntarily at 54 of its stockyards in this state, is sufficient to support the finding that such scales pertain to the transportation facilities which the commission may require of a railroad and that the refusal to supply such scales to the station in question was a discrimination against it.

The purpose of the law regulating railways is to secure ample and efficient transportation facilities for all the people on equal and reasonable terms. To this end power is conferred upon the Railroad and Warehouse Commission to supervise railways and to see that the requisite facilities are afforded to all upon equal terms and at reasonable rates, and that proper instrumentalities are provided for the convenient use of such facilities. It may properly intervene to prevent discrimination prohibited by law, and to require a railway, if it provides instrumentalities convenient in the business of transportation, at one place, to provide substantially equal facilities at another.

The writer deems it proper to say that he is unable to draw the same conclusion from the facts in this case that the majority of the court draw therefrom, and that he entertains the view expressed in the dissent of the Chief Justice.

Order affirmed.

BROWN, C. J. and BUNN, J. (dissenting).

It may be conceded that it is within the power of the Railroad and Warehouse Commission to make such order or orders as the commis-

sion may deem necessary to prevent an unjust and unreasonable discrimination by a railroad company in favor of or against a particular locality served by its line of road. But beyond question the exercise of such authority should be confined to the regulation of transportation facilities, and to prevent the granting of rights and privileges in that respect to a favored locality. The facts stated in the opinion put it beyond dispute that the stock scales which defendant is here required to install at Bertha have no reference whatever to the transportation of live stock; they serve as a convenience to the dealer in the purchase of cattle, but the weights ascertained in those transactions do not, in any case, serve as a basis for transportation charges, nor do they in any way enter into the contract of shipment. Such scales are not required by law, and whatever may be the right of the Railroad and Warehouse Commission, by way of preventing the alleged discrimination, to order their removal, unless installed at all stations, it seems clear, on the facts stated in the opinion, that the commission was without authority to order the installation of the scales in question. If proper in the particular case stock scales may, for the same reasons, be required at every station in the state, and if the decision be followed to its logical result the commission may order that all buildings and conveniences be identical at all stations, without regard to the question whether they are essential to or facilitate in the operation of the road or in the transportation of persons or property. That the law does not vest such power in the commission seems clear. I therefore dissent. Justice Bunn concurs in this view.